

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-6-2007

# Elkilani v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2833

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Elkilani v. Atty Gen USA" (2007). *2007 Decisions.* Paper 126.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/126

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-2833

SAFWAT ELKILANI,
                                        Petitioner

v.

ATTORNEY GENERAL USA,
                                        Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95-831-811
(U.S. Immigration Judge: Honorable Annie S. Garcy)

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 4, 2007
Before:  SCIRICA, Chief Judge, HARDIMAN and ALDISERT, Circuit Judges

(Filed:  December 6, 2007 )

OPINION OF THE COURT

PER CURIAM.

        Safwat Elkilani petitions for review of a Board of Immigration Appeals ("BIA")

decision denying his motion to reopen and reconsider.  For the reasons that follow, we

will deny his petition.

The Government charged Elkilani, a native and citizen of Egypt, as removable for overstaying his visa. Elkilani conceded the charge and applied for withholding of removal and protection under the Convention Against Torture ("CAT").[1] He claimed that he had been persecuted when Egyptian officials, looking for an anti-government activist whom he resembled, detained him for two days when he was traveling to Libya for a relative's wedding. Also, Elkilani described being delayed twice at customs for questioning, once for two hours and once for eight hours, during his relatively frequent travel between Egypt and other countries.

The Immigration Judge ("IJ") denied Elkilani's application, and Elkilani appealed to the BIA. On January 4, 2007, the BIA dismissed his appeal. Soon thereafter, Elkilani filed a motion to reopen and reconsider. He argued that the IJ and BIA erred in concluding that he would not be persecuted because those who had detained him believed he held anti-government political opinions. He also claimed that an unfortunate change for the worst in Egypt's political atmosphere made it dangerous for him to return to his native country. In support of the latter contention, Elkilani attached two Amnesty International articles, one expressing general concerns about human rights issues in Egypt and one questioning the treatment of Sudanese protesters. The BIA denied the motion to reopen and reconsider. Elkilani filed a petition for review.

---

[1]Any asylum claim was untimely.

2

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review an order denying a motion to reopen or a motion for reconsideration under a highly deferential abuse of discretion standard. See Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004); Nocon v. INS, 789 F.2d 1028, 1033 (3d Cir. 1986). The BIA's discretionary decision is not disturbed unless it is found to be arbitrary, irrational or contrary to law. See Guo, 386 F.3d at 562.

Elkilani contends that the BIA erred in denying his motion to reopen and reconsider because it previously had wrongly dismissed his argument that he was persecuted when he was detained by Egyptian authorities. He claims that the IJ and the BIA should have awarded him relief on his theory of persecution for imputed political opinion. Elkilani also argues that the BIA should have reopened his case because he provided evidence of a worsening political situation in Egypt. He asks that we grant him withholding of removal or remand this matter to the BIA for a finding that he was persecuted.

The Government opposes Elkilani's petition. Specifically, the Government argues that we lack jurisdiction to consider the merits of Elkilani's withholding and CAT claims because Elkilani did not appeal the BIA's decision of January 4, 2007. The Government also contends that we cannot consider Elkilani's claims relating to his motion to reopen and reconsider because he did not specifically challenge them in his informal brief. In the alternative, the Government argues that the BIA did not abuse its discretion in denying the motion to reopen and reconsider.

3

We agree with the Government that we cannot now review the BIA's decision of January 4, 2007. That decision was not appealed within the 30 days allotted. See 8 U.S.C. § 1252(b)(1). Because Elkilani did not comply with the statutory filing deadline, we do not have jurisdiction to review the final order of removal. See Nocon, 789 F.2d at 1033.

We can and will review the BIA's order denying the motion to reopen and reconsider. Although Elkilani's brief is spare, he presented his arguments with enough specificity to alert us to them. Cf. Bagot v. Ashcroft, 398 F.3d 252, 256 (3d Cir. 2005). Nonetheless, we will deny Elkilani's petition because the BIA did not abuse its discretion in denying his motion to reopen and reconsider.

In denying the motion to reopen, the BIA concluded that the Amnesty International articles, although post-dating the January 4, 2007 decision, concerned that organization's long-standing concerns about human rights conditions in Egypt. The BIA stated that they were not particularly relevant to Elkilani's case, and, to the extent they were relevant, they were cumulative of evidence Elkilani had presented. The BIA did not abuse its discretion in making these conclusions, which are supported by the evidence in the record.

In denying the motion for reconsideration, the BIA determined that Elkilani was not raising true grounds for reconsideration but just the same arguments that he had raised in his appeal from the IJ's order, including the claim that he had suffered past persecution. The BIA noted that it had already found the arguments unpersuasive, and no

4

error of fact or law marred its decision. The BIA did not act arbitrarily or irrationally in denying the motion on these grounds, especially because Elkilani repeated his arguments for relief without identifying a specific error of fact or law.

In conclusion, because the BIA did not abuse its discretion in denying Elkilani's motion to reopen and reconsider, we will deny Elkilani's petition for review.